## SUPREME COURT.

### PUTNAM agt. DE FOREST, executor, &c.

Section 153 of the Code, as amended in 1852, is the only one which authorizes a plaintiff to *reply;* and that only authorizes a reply, when the defendant's answer contains new matter, constituting a " counter-claim."

Where a reply denies the allegations in the answer and sets up new matter in avoidance of new matter in the answer not containing a counter-claim, these allegations in the reply will be stricken out as redundant.

*Saratoga Special Term, February* 1853. The action was on a note alleged to have been made by the testator to the plaintiff for $2000, payable with interest.

1. The answer first denied the execution, &c., of the note.

2. Pleaded want of consideration; that the note was intended as a gratuity or gift.

3. That the note was obtained by the covin and fraud of plaintiff.

4. That since the death of the testator, the plaintiff presented the note (which was then due) to the executor for payment, and the executor rejected the same and refused payment; and that more than six months had elapsed since such rejection, previous to the commencement of this suit, whereby it became barred by statute.

The plaintiff to this answer put in a reply, denying each of the several special defences set up in the answer, and set up a detail of special matter in avoidance of the answer.

A motion to strike out this reply was made on behalf of the defendant, on the ground that no reply was necessary or proper in this case, because the answer did not set up a *counter-claim,* within the meaning of sections 149 and 150 of the Code, as amended, and that it was only proper for the plaintiff to interpose a reply when the answer set up a *counter-claim* (see § 153 as amended).

F. FISH, *for the Motion.*

A. BOCKES, *Contra.*

CADY, Justice.—This motion makes it necessary to decide

whether a plaintiff can in any case reply, unless the defendant in his answer sets up a counter-claim. Section 153 of the Code, as amended in 1852, is the only one which authorizes a plaintiff to reply, and that only authorizes a reply when the defendant's answer contains new matter, constituting a counter-claim. What is a counter-claim? According to the first and second subdivisions of section 150, a counter-claim is, 1st, a cause of action arising out of the contract or transaction set forth in the complaint, as the foundation of the plaintiff's claim, or connected with the subject of the action.

2d. In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action.

There is nothing in the defendant's answer resembling a counter-claim. The defendant in his answer does not claim to have any cause of action against the plaintiff. The whole object of the answer is to show that the plaintiff has no cause of action upon the note set out in the complaint. The reply, therefore, was wholly unnecessary and unauthorized.

By section 168 of the Code, " every material allegation of new matter in the answer, constituting a counter-claim not controverted by the reply, as prescribed in section 153, shall for the purposes of the action be taken as true. But the allegation of new matter in the answer, not relating to a counter-claim, or of new matter in a reply, is to be deemed controverted by the adverse party, as upon a direct denial or avoidance, as the case may require."

That part of the reply in which the plaintiff denies the allegation in the answer, as well as that part in which new matter is stated in avoidance of the new matter alleged in the answer, must be regarded as redundant matter, and may be stricken out on motion of any person aggrieved thereby. It is a sufficient grievance to justify the motion, that a party has been compelled to read ten folios of redundant matter, to ascertain whether it be matter which ought to incumber the record.

I am of opinion that the plaintiff had no right to reply in this case, and that his reply ought to be struck out·as redundant matter, with ten dollars costs of the motion.